(119 App. Div. 882)
In re MAYOR, ETC., OF CITY OF NEW YORK. In re VANDERBILT AVE. (Supreme Court, Appellate Division, First Department. May 24, 1907.) Proceeding in the matter of the mayor, aldermen, and commonalty of the city of New York, in relation to Vanderbilt avenue. Appeal from an order confirming a report of commissioners. Order affirmed. John P. Dunn, for appellant. S. Livingston Samuels, for respondent.

PER CURIAM. Order affirmed, with $10 costs and disbursements, on the authority of In re Mayor, 95 App. Div. 533, 88 N. Y. Supp. 769.

INGRAHAM, J. (dissenting). The respondent has been awarded $2,000 to compensate her

for a private easement that she had in a piece of property which had been used as a road or highway, and which she claims has been destroyed because the city of New York had discontinued the use of that road as a public highway; but the city of New York has not in any way interfered with respondent's private easement in this road. It has discontinued the use of the road as a public road. The respondent sustained no damage because of such discontinuance, and no damage has been awarded to her by reason of the discontinuance of the public road. She acquired this easement over the strip of land that was used as a road as appurtenant to the property which she acquired. No act either of the city or of the public authorities granted her that easement, nor has the easement which is vested in her, appurtenant to her estate, been destroyed. Money raised by taxation is thus paid to the respondent to relinquish a private easement appurtenant to her land in the land of another, so that the owner of the servient estate can own his land discharged of the easement. When this case was before this court on the former appeal (95 App. Div. 533, 88 N. Y. Supp. 769) I dissented from the order then made, and I dissent from the affirmance of the order here granted, for the reasons stated upon that appeal. If chapter 1006, p. 2037, of the Laws of 1895, affected this respondent's private easement acquired by virtue of her deed conveying the property to her, I think it was clearly unconstitutional; but certainly the provision which required the city of New York to raise by taxation and to pay to this respondent any sum of money as the value of the private easement not acquired by the city and not affecting any property of the city is an express violation of section 10 of article 8 of the Constitution, which provides that "no county, city, town or village shall hereafter give any money or property, or loan its money or credit to or in aid of any individual, association or corporation; * * * nor shall any such county, city, town or village be allowed to incur any indebtedness, except for county, city, town or village purposes." Money of the city of New York raised by taxation is devoted in this case to pay to this respondent the value of a private easement appurtenant to her property, and of which property not owned by the city and in which the city has no interest is servient. I do not think that such a payment is authorized by chapter 1006, p. 2037, of the Laws of 1895; but, if it is, it is clearly a violation of the Constitution. I therefore dissent.

CLARKE, J., concurs.