In the Matter of the Application of the MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, Relative to Acquiring Lands Required for the Opening of Walton Avenue.

In the Matter of the Petition of LOUIS BRASS et al., Relative to Damage Caused by the Closing of Fourth Avenue and Certain Other Streets.

THE CITY OF NEW YORK, Appellant; HENRY EDELMUTH, as Executor of ADOLPH EDELMUTH, et al., Respondents.

*Matter of Mayor, etc., of New York* (*Walton Ave.*), 131 App. Div. 696, affirmed.
· (Argued November 9, 1909; decided December 7, 1909.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered August 31, 1909, which confirmed the report of commissioners of estimate and assessment in the above-entitled proceedings which report awarded to the respondents damages for the extinguishment of private easements in certain streets which were closed in connection with such opening.

*Francis K. Pendleton, Corporation Counsel* (*Thomas C. Blake, Theodore Connoly* and *John P. Dunn* of counsel), for appellant.

*Benjamin Trapnell, Harold Swain* and *Joseph A. Flannery* for respondents.

HISCOCK, J. We agree with the Appellate Division in its disposition of all of the questions involved on this appeal. These have been so fully and satisfactorily discussed in the prevailing opinion written by Mr. Justice LAUGHLIN that we should not add even briefly to what has been said, except for the fact that in its contention that the award of damages to the respondents for the extinguishment of their private easements in streets discontinued and closed in the above proceeding is improper, the appellant, the City of New York, insists that it is sustained by our recent decision in the case of *Johnson & Company* v. *Cox* (196 N. Y. 110).

We see no opportunity to doubt that prior to such decision it had been settled that when in proceedings like the present one damages have been awarded to a property owner for the extinguishment of his private easements in a street that was closed and such property owner has assented to such proceedings and claimed such award, the city cannot successfully resist the payment on the general grounds that it was unconstitutional and improper to make the same. (*Matter of Mayor, etc., of N. Y.*, 28 App. Div. 143; affd., 157 N. Y. 409 *Matter of Mayor, etc., of N. Y.*, 119 App. Div. 882; affd., 189 N. Y. 551.)

This being so, neither the decision of the questions actually involved in the *Johnson* case nor what was said in the opinion conflicts with what had theretofore been thus decided.

The *Johnson* case arose between two abutting landowners having private easements in a street to be discontinued in proceedings similar to the present one. The defendant in that case proposed by inclosing part of the street to obstruct the right of way of the plaintiff thereover. This court, proceeding on the theory that the new street to be opened in the place of the old one had not been actually opened or made ready for use and that the private easements of the plaintiff in the old street had not been extinguished either by condemnation or in any other way, held that they might not be interfered with by an adjoining owner as the latter threatened to do. It seems very apparent that the considerations applying to the decision of such case were very different from those applicable to the present one where the property owner has been made a party to street opening proceedings instituted by the city and has been duly awarded for the destruction of his private easements damages which he desires to accept, the city alone which instituted the proceedings ultimately resulting in such condemnation being the one that objects to the payment.

The order of the Appellate Division should be affirmed, with costs.

CULLEN, Ch. J., HAIGHT, VANN, WERNER, WILLARD BARTLETT and CHASE, JJ., concur.

Order affirmed.