DANIEL REYNOLDS, Respondent, *v.* INTERBOROUGH RAPID
TRANSIT COMPANY et al., Appellants.

Streets — private easements in street — damages thereto by
construction and operation of elevated railway — when abut-
ting owner entitled thereto although he does not own to street
line.

Where municipal authorities, in straightening a street, originally
an ancient highway, abandoned a strip, or part, thereof between
the street and the premises of an abutting owner, such owner,
although he has no title to the intervening strip, is entitled to com-
pensation for his easements of light, air and access in the street
affected by the maintenance and operation of an elevated railway
in front of his premises, and where the record does not disclose
that such easements have ever been conveyed, or condemned, the
abutting owner can maintain an action to restrain the railway com-
pany from maintaining and operating its railway until the ease-
ments have been obtained by purchase or condemnation.
*Reynolds* v. *Interborough Rapid Transit Co.*, 143 App. Div. 932,
affirmed.

(Argued November 25, 1912; decided December 10, 1912.)

APPEAL from a judgment of the Appellate Division of
the Supreme Court in the first judicial department,
entered March 30, 1911, affirming a judgment in favor of
plaintiff entered upon a decision of the court on trial at
Special Term,

The nature of the action and the facts, so far as
material, are stated in opinion.

*J. Osgood Nichols* and *James L. Quackenbush* for
appellants. The premises in suit having no frontage
upon, and the plaintiff no property in Third avenue,
there is no "taking" of the plaintiff's property, and,
therefore, no basis for the award of injunctive relief.
(*Story* v. *El. R. R. Co.*, 90 N. Y. 122; *Hughes* v. *El. R.
R. Co.*, 130 N. Y. 26; *Lahr* v. *El. R. R. Co.*, 104 N. Y.
268; *Kane* v. *N. Y. El. R. R. Co.*, 125 N. Y. 164; *Wood-*

*ruff* v. *Paddock,* 130 N. Y. 618; *Radcliff* v. *Mayor, etc.,* 4 N. Y. 195; *Cogswell* v. *N. Y., N. H. & H. R. R. Co.,* 103 N. Y. 10; *Hindley Case,* 185 N. Y. 355.) The plaintiff has no private or other easements in Third avenue. (*Matter of Vil. of Olean* v. *Steyner,* 135 N. Y. 341; *Matter of Eleventh Ave.,* 81 N. Y. 436; *City of Buffalo* v. *Pratt,* 131 N. Y. 293; *Matter of City of N. Y.,* 196 N. Y. 286; *Matter of City of N. Y.,* 135 App. Div. 520; *Matter of Schneider,* 199 N. Y. 581; *Gates* v. *De La Mare,* 142 N. Y. 307; *Matter of City of New York,* 114 App. Div. 519; *Welde* v. *N. Y. & H. R. R. Co.,* 28 App. Div. 379; *Reilly* v. *Man. Ry. Co.,* 43 App. Div. 80; *Mooney* v. *N. Y. El. R. Co.,* 30 N. Y. S. R. 561; *Bischoff Case,* 138 N. Y. 264; *Greenwood* v. *Metr. El. Ry. Co.,* 26 J. & S. 482.)

*Banton Moore* for respondent. The plaintiff's premises front upon Third avenue, and he has easements in said avenue which have been taken by the defendants. (*Johnson* v. *Cox,* 196 N. Y. 110; *Holloway* v. *Southmayd,* 139 N. Y. 390; *Reis* v. *City of N. Y.,* 188 N. Y. 71; *Mott* v. *Eno,* 181 N. Y. 363; *Van Winkle* v. *Van Winkle,* 184 N. Y. 209; *Richards* v. *City of Cincinnati,* 31 Ohio St. 506; *City of Cincinnati* v. *Batsch,* 52 Ohio St. 324; *Bentel* v. *W. B. C. Sugar Co.,* 94 N. W. Rep. 202.) The plaintiff has private easements in the abandoned strip of old Boston road or Third avenue. (*Holloway* v. *Southmayd,* 139 N. Y. 401.)

Gray, J. This is one of the numerous actions in equity, which have been brought to restrain the maintenance and operation of an elevated railway in front of an abutter's premises upon the ground of an interference with, and impairment of, appurtenant street easements. The plaintiff was awarded the decree, usual in such cases, which enjoined the defendants from maintaining their railway and granted the alternative relief that the defendants might pay to the plaintiff the amount of the dam-

ages fixed by the decree and obtain from him conveyance and release of the necessary easements.

The plaintiff's property is situated on the Third avenue, in the borough of the Bronx, at the northwest corner of 153d street. The premises, at their southerly point on 153d street, are 14 feet in width and at their northerly termination are 49 feet in width. The easterly boundary line extends for 105 feet and 9 inches along the Third avenue. The land is improved by buildings and the trial court found that the use of the premises was injured through the maintenance and operation of the elevated railway, which impaired its easements of light, air and access. Upon this appeal from the affirmance by the Appellate Division of the plaintiff's judgment, there is but one question of law, which is pressed upon our consideration and which, in view of the unanimity of the affirmance below, could be of any particular importance. It appeared upon the trial that, between the easterly boundary line of the plaintiff's property and the westerly line of the Third avenue, there intervened a narrow strip of land, being 2 feet 6 inches in width at its southerly extremity and 6 inches in width at the northerly extremity. The trial court found that the ownership of this strip is in plaintiff's predecessors in title; that "the land is a part of the bed of the Old Boston Road, which was discontinued by public authority at the time of the widening and regulating of Third Avenue in, or about, 1873;" that "the Third Avenue in front of the premises * * * prior to the commencement of this action, ever since has been, and is now, an open public street, or thoroughfare, and was formerly known as Boston Road;" that "the bed of Third Avenue in front of or abutting upon the premises described in the complaint is owned by the City of New York;" and that the Old Boston road had bounded the premises on their easterly side.

The contention of the appellants is that the plaintiff's premises had no frontage upon the Third avenue and,

therefore, that there was no taking of his property in the avenue. The argument is that easements in the public streets can be appurtenant only to property actually abutting thereupon and, as the plaintiff has no title to this intervening strip, that he is not in a position to urge the right which an actual abutter might. The appellants do not correctly apprehend the nature of the plaintiff's rights to the easements. The existence of this narrow strip of land is due, simply, to the abandonment by the public authorities of so much of the Old Boston road. The act (Laws 1868, ch. 841), under which the Third avenue was regulated, did not close the Boston road; it, merely, provided for straightening and widening it. Its purpose and its effect were to discontinue so much of the Boston road and, thereby, *pro tanto*, the public easement was extinguished. But it left the private easements, which were appurtenant to the property, unaffected and the record does not disclose that they were ever conveyed, or condemned. If the title reverted to the original owner, the land was not released from the burden of its servient easements. He might have, by the reversion, title to the fee of the soil; but it is a naked, or barren, title. The land originally conveyed upon the public highway would retain its private easements, however the highway might be abandoned, or closed, by the public authorities, until they were conveyed, or taken by condemnation. They are independent of the public easement and are indestructible in their nature, either by the acts of the public authorities, or by any act of the grantors of the premises. They were appurtenant to the premises over the Old Boston road and they continued, and continue, over the Third avenue as that street was regulated by the statute. To all intents and purposes, as to the defendants, the situation of the easements is as though the westerly line of the avenue made the plaintiff's easterly boundary.

We are declaring no new doctrine. It is the same as

that declared in our decision in *Holloway* v. *Southmayd*, (139 N. Y. 390); whose authority has never been questioned. (And see *Johnson & Co.* v. *Cox*, 196 N. Y. 110, 120.)

I advise that the judgment appealed from be affirmed, with costs.

CULLEN, Ch. J., HAIGHT, VANN, WERNER, CHASE and COLLIN, JJ., concur.

Judgment affirmed.