Lyman H. Smith, J.
Petitioner (Village of Penn Yan Urban Renewal Agency) moves this court for an order settling and determining “ the burden of proof and the order of taking testimony ” upon the trial before Commissioners of Appraisal appointed to hear, try and determine the just compensation of certain real properties condemned pursuant to order of this court entered August 15,1968 (Condemnation Law, §§ 4,13,14).
All parties are agreed that an order of instruction to the commission falls within the discretionary and statutory powers of the court before whom the proceedings are pending (Condemnation Law, § 26). All are agreed there is no statute fixing “ the burden of proof ”, and little, if any, decisional law in this particular field in our State. (Cf. Heyert v. Orange & Rockland Utilities, 17 N Y 2d 352, 364.) But none agree *1034 completely as to which party must first go forward with the proof.
Since the sole issue upon which the commission must make a decision is the question of the just compensation to the landowners, the hearings will obviously be confined to that proof. (U. S. Const., 5th Amdt.; N. Y. Const., art. I, § 7; Condemnation Law, § 14.)
A view of other jurisdictions reveals that it is the majority rule that, when the taking agency is a governmental subdivision, it is presumed in the first instance to have made a fair offer. And, accordingly, the landowner has the burden of going forward with proof that ‘ ‘ just compensation ’ ’ requires a sum greater than the amount offered by the condemnor. This seems to be the rule in some 24 States and is (apparently) the rule by custom in New York. (See Ann. 73 ALR 2d 620; and 5 Nichols, Eminent Domain [3d ed.], § 18.5 and cases therein cited.)
A minority rule casts the burden of proving just compensation on the taking agency. (See South Park Coms. v. Trustees of Schools, 107 Ill. 489; State v. Heirs of Kopahi, 4 & H. 101; also, see, 5 Nichols, Eminent Domain, § 18.5.)
In the instant case one of the parties contends that there is a clear, present and continuing disadvantage in casting upon the landowner the burden of going forward with the proof. It is argued that the condemnor sits back, shoots holes in the landowner’s presentation and, in a word, attempts to take and pay for the property “ on the cheap ”. This argument concludes that the Condemnation Law in casting the condemnor in the role of plaintiff intended to safeguard the property owners’ rights and any attempt to shift the burden of proof from the petitioner condemnor to the respondent landowner is to gain an advantage —■ violative of the constitutional guarantee that the sovereign must pay “ just compensation ”.
While there may be some merit in the foregoing argument, it remains fundamental that in any adversarial approach, the person who claims damages has the burden of proving damages. In Matter of New York, Lackawanna & Western R. R. Co. (33 Hun 148, 155 [4th Dept. 1884]) the court stated: “ Mr. Pierce, in his work on railroads (p. 187) says that the party claiming damages is deemed the actor or plaintiff, and has the right to open and close, whether the petition for an assessment was filed by himself or by the company. We think this is the correct rule.”
In any event, it is clear no adversary proceeding arises (as to fair market value or damages) until the landowner is of the *1035 opinion that the condemnor’s offer is something less than “ just compensation”. The Condemnation Law (§4, subds. 5, 6, 8) mandates that the condemnor state in its petition, “ the value of the property to be condemned ’ ’ (i.e., its estimate of the just compensation to be paid to the owners of the appropriated property), the fact that the plaintiff (condemnor) “ has been unable to agree with the owner of the property for its purchase, and the reason of such inability ”, and a prayer that commissioners of appraisal “ be appointed to ascertain the compensation to be made to the owners of the property as taken ”.
Nothing remains for the petitioner condemnor to do.
So, in the instant case, the respondent landowners admitted the allegation of the condemnor’s petition, except as to the amount of damages. From a logical viewpoint, the condemnor has made an offer and each of the landowners has rejected it and alleged a greater sum than that deemed fair by the condemnor. The condemnor must now defend against the claim of damages over and above the offer made. If the burden of proof were to be cast upon the condemnor, then its evidence would necessarily, or at least in great part, consist of an attempt to defend against a claim over the amount of its offer, of which the precise facts, nature and theory have not yet been made known to the condemnor. Under such circumstances to require the condemnor to first go forward with the proof puts the cart before the horse. It is less than logical to require the condemnor to either proceed or defend itself blindly.
It seems obvious that where, as here, the landowners have rejected the offer and allege a greater sum than that deemed fair by the condemnor, the landowners have created the issue. Having created the issue as to value and damages in excess of that offered, they must then, in effect, assume the burden of proof. As Judge Yaxt Yoorhis wrote in Heyert v. Orange & Rockland Utilities (17 N Y 2d 352, 364): “ Sackman’s Nichols on Eminent Domain (3d ed., Vol. 5, § 18.5) says that the burden of proof of establishing the right to substantial compensation is upon the owner citing Matter of Mayor of City of N. Y. (Walton Ave.) (131 App. Div. 696, affd. 197 N. Y. 518), concerning which there can be no question ”. (Emphasis added.)
Prior to the enactment of statutes and rules calling for exchanges of property appraisals and comparable property sales in advance of trial, some practical disadvantages may have fallen to landowners who were obliged to first expose the nature, facts and theories of their claims of fair market value and damages without the benefit of a reciprocal exposure on the part of the condemnor. (Cf. Court of Claims Act, § 16; CPLR 3140; Rules *1036 of Court of Claims, rule 25a; Rules of App. Div., 4th Dept., Spec. Rule, eff. Jan. 1, 1968; also, see Rules of Sup. Ct. for Monroe County [in 7th Jud. Dist.], rule 36.) It is the present observation of this court that these rules have had a salutary effect upon all proceedings in eminent domain.
While some disadvantage or hardship may still fall (at times) upon the landowner in presenting his proof first, this court conceives that the Commissioners in the instant case are well qualified to preside at the hearings that will determine the just compensation of the appropriated property and that they are sufficiently skilled to see to it that both parties will have adequate opportunity to fully develop their proof of “ just compensation ” without undue advantage, or disadvantage, to either side.
The respondent landowners are directed to proceed first with their proof before the Commissioners of Appraisal.