### In re JOHNSON AVE. IN CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department. December 31, 1909.)

EMINENT DOMAIN (§ 149*)—COMPENSATION—AMOUNT—DEDICATION.

> After commencement of condemnation proceedings for land for a street, and after substantial awards made therefor, but before the filing of the report and confirmation, the owners of land, including part of the land being condemned, began a suit for partition, in the course of which a partition map was made and filed, showing the property as divided into lots fronting and abutting on said street, and said street was not indicated as a part of the property to be partitioned, and was not partitioned, but the title, so far as not already acquired by the city, was retained in the owners in common. Part of the land was actually partitioned among the owners by a partition deed, and the remainder sold by a referee, who gave deeds, the partition deed and the referee's deeds recognizing the street, and using it as a boundary. *Held*, that there was a grant of easements for the use of the street for the benefit of all the other property shown on the partition map, so that an award of nominal damages only for such part of the street was proper.

> [Ed. Note.—For other cases, see Eminent Domain, Dec. Dig. § 149.*]

> Ingraham and Houghton, JJ., dissenting.

Appeal from Special Term, New York County.

In the matter of the application of the City of New York for the opening of Johnson avenue. From an order confirming the report of commissioners of estimate and assessment, appeal is taken. Affirmed.

Argued before INGRAHAM, McLAUGHLIN, HOUGHTON, CLARKE, and SCOTT, JJ.

J. J. McKelvey, for appellant.
James R. Fitzgerald and C. C. Ferris, for respondents.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

SCOTT, J. This is an appeal from an order confirming the report of commissioners of estimate and assessment. The appeal relates to two parcels, designated 2 and 8 on the damage map, for which only nominal damages have been allowed. The final map showing Johnson avenue as laid out as a public street was adopted and filed according to law in November, 1895. On October 5, 1898, the board of public improvements adopted the usual resolution that proceedings should be instituted for the acquisition of the land lying within the lines of Johnson avenue; that the title to said lands should vest in the city of New York at a date not later than six months after the filing of the oaths of the commissioners of estimate and assessment; and that the entire cost and expense of the proceeding should be assessed upon the property deemed to be benefited thereby.

On June 13, 1899, commissioners of estimate and assessment were appointed who qualified and filed their oaths on October 8, 1900. The commissioners made and filed a final report on June 8, 1903, in which they made substantial awards for the two plots to which this appeal relates. This report was not presented to the court for confirmation until June 19, 1906, when it was confirmed as to certain of the property taken, but as to lots 2 and 8 and the assessment for benefit the matter was referred back to the commissioners. On January 6, 1909, the commissioners again made a final report, in which merely nominal damages were awarded to the owners of lots 2 and 8. This report was confirmed, and from the order of confirmation this appeal is taken. While these proceedings were pending, and on May 15, 1903, an action for partition was begun involving a considerable tract of land, including the land indicated on the city map as Johnson avenue, and the property lying on either side of it and affected by this proceeding. In the course of this action, a partition map was made and filed showing the property as divided into lots fronting and abutting on Johnson avenue, as laid out on the city map, and as sought to be acquired in this proceeding. Johnson avenue was not indicated as a portion of the property to be partitioned, and in point of fact was not partitioned, the title, in so far as it had not already been acquired by the city, being retained by the owners in common. The owners by a partition deed made actual partition among themselves of a portion of the property. So much as was not so partitioned was sold by a referee, who gave the usual referee's deeds therefor. In all of these deeds, the partition deed as well as the referee's deed, Johnson avenue was recognized and used as a boundary. Upon this state of facts we cannot doubt that Johnson avenue became impressed with an easement in favor of the purchasers of the abutting lots for its use for street purposes. The filing of the partition map with Johnson avenue depicted upon it, the exclusion of the bed of the street from the partition, and the bounding of the remaining property upon it in the partition deed and the referee's deeds present all the elements necessary to establish a grant of easements for the use of the street for the benefit of the adjoining property, and other property shown on the partition map. Wyman v. Mayor, 11 Wend. 502. The commonest form of dedicating a strip of land for street purposes, for the benefit of abutting land, is to file a map showing the street as

laid out, and then conveying property as bounded upon it. It is not important that the common owners and the referee so bounded the abutting property as to retain title to the street. The only effect of that was that the abutting owners took no absolute title to the street, and that the common owners retained the right to receive whatever compensation should be legally awarded. It did not affect the amount of the award. The resolution of the board of street improvement directs that the whole cost be assessed back upon the property benefited, which means, in effect, that the abutting property must bear it. The presumption is that the abutting owners or their predecessors in title have already paid, and the common owners have already received, in an enhanced price paid for the lots; compensation for the use of the street. "It was the street that gave a character and recommendation to the lots, and enhanced the value of the adjoining property. This is the natural consequence of opening streets in the vicinity of a city, where population is increasing and constantly extending itself over a greater space of territory." Wyman v. Mayor, supra. In our opinion the commissioners were right in awarding nominal damages for lots 2 and 8. Matter of Decatur St., 196 N. Y. 286, 89 N. E. 829.

The order appealed from is therefore affirmed.

Order affirmed, with $10 costs and disbursements.

McLAUGHLIN and CLARKE, JJ., concur.

INGRAHAM, J. I dissent from the affirmance of this order. This proceeding was instituted on the 5th of October, 1898, by the adoption of a resolution for the acquiring of title to property necessary for the opening of Johnson avenue. Subsequently, and on the 13th of June, 1899, commissioners of estimate and assessment were appointed, who duly qualified on the 8th of October, 1900. The appellants are the owners of damage parcels Nos. 2 and 8, being a portion of the property taken for the improvement. They appeared by counsel before the commissioners and introduced evidence on the 10th of April, 1901, and the commissioners signed the preliminary report on November 28, 1902, which awarded damages to the appellants, fixing the value of the separate pieces of property to be acquired by the city. To that the appellants made no objection. For some unexplained reason, this report was not brought on for confirmation until June, 1906. In the meantime, pending these proceedings, on May 15, 1903, an action was commenced in the Supreme Court to partition certain real property which included damage parcels Nos. 2 and 8. That action proceeded to interlocutory judgment which was entered on December 12, 1906. During the course of that proceeding a map of this property was made, upon which was shown the street the title to which was then being acquired by the city in this proceeding; and, in pursuance of a decree of the court, the property was sold at public auction by a referee therein appointed according to this map, and those conveyances were confirmed by final judgment issued on the 24th of May, 1905. When the case came before the Special Term, the city objected to a substantial award for these two pieces of prop-

erty, because by the filing of this partition map the fee of the land had been dedicated to a public use, and the owners of the lots which had been sold by the referee under the judgment had acquired easements in the property, and the only award which should therefore be made was a nominal one. I do not think that any such effect can be given to this map. The fee of the land required for this street was being acquired by the public authorities under proceedings instituted for that purpose. When the property came to be sold under the partition suit, it was essential that the existence of this street which was about to be opened by the public authorities should be recognized, so that purchasers could acquire lots abutting on the street. The owners of the property included in the bed of the street had appeared before the commissioners, and had obtained a substantial award which only awaited confirmation to vest the title in the city and substitute for the property thus acquired the award made by the commissioners. The fact that this situation was recognized and it was assumed that the report would be confirmed does not show an intention to dedicate this property to the public, or to grant an easement until the property necessary for the street should be acquired by the city. Whether or not an easement is granted is always a matter of intention, and this map filed under the provisions of a judicial decree for the purpose of partitioning the property should not, I think, have the effect of divesting the owners of a substantial interest in the property so as to justify the court in sending the report back to the commissioners with a direction to award only nominal damages.

I think, therefore, that the order should be reversed.

HOUGHTON, J., concurs.