In the Matter of the Application of the CITY OF NEW YORK, Respondent, Relative to Acquiring Title to Lands Required for the Widening of Sedgwick Avenue, Bailey Avenue and Albany Road, for the Opening and Extending of Heath Avenue and the Public Place and for the Widening of Kingsbridge Road in the Borough of the Bronx.

THE  TITLE  INSURANCE  COMPANY  OF  NEW  YORK,
Appellant.

Easements — sale of property after condemnation proceedings for part thereof have been instituted — validity of agreement preserving right to award in vendor — dedication of land for streets by use of sales map showing such streets.

1. Where condemnation proceedings have been instituted against property through which streets are projected, the owner may sell the property and by agreement provide that all parties preserve those rights which they would have if at the time of the sale title to the property sought to be condemned had vested in the city.

2. Where dedication grows out of the use of a sales map showing a street of a specified width, the vendee acquires a right of way to the full extent and dimensions of such street until it reaches some other highway. (*Reis* v. *City of New York*, 188 N. Y. 58, followed.) The fact that the terms of sale annexed to the catalogue and signed by each purchaser contains a provision reserving to the sellers "all awards or claims for awards for damages in change of grade or condemnation proceedings, had or pending" does not deprive the vendee of this right. (*Matter of City of New York [Avenue D]*, 200 N. Y. 536, distinguished.)

3. Where such a reservation had been made, the commissioners of estimate awarded only nominal damages for the taking of property for the widening of a street, on the ground that such property was already so burdened with private easements, requiring the maintenance of a highway where the public street was to be widened, as to render the injury inflicted by the imposition of the public easement merely nominal. *Held*, that the private easements to which the lots were subjected did not necessarily deprive all of them of any substantial value; that in those cases where the grantor retains the ownership of abutting property, the strip taken for the widening of the street has a more than nominal value, and as to such lots a re-appraisal should be had.

*Matter of City of New York* (*Sedgwick Ave.*), 162 App. Div. 236, modified.

(Argued November 12, 1914; decided January 12, 1915.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered July 20, 1914, in so far as said order affirmed an order of Special Term confirming a report of commissioners of estimate awarding nominal damages in street opening proceedings, for the taking of certain parcels of land belonging to appellant.

The facts, so far as material, are stated in the opinion.

*J. Aspinwall Hodge, Alexander Holtzoff* and *Percival S. Jones* for appellant.   It was the right of the Kingsbridge Company and its vendees at the sale to so contract that the joint resultant of the sale and the then pending condemnation proceedings would be the same to all parties concerned, including the city, as if title had vested at the initiation of the proceedings. (*Matter of Rogers Ave.*, 29 Abb. [N. C.] 361; *Matter of Ave. D*, 200 N. Y. ·536.)   The agreements and express covenants at the sale accomplished this result and harmed no one, doing justice to all, including the city. (*Matter of Ave. D*, 200 N. Y. 536; *Matter of Austin Place*, 125 App. Div. 821; *Matter of Leggett Avenue*, 80 App. Div. 618.)   The terms of sale signed by the purchasers at the auction negative

any intention to create easements in any of the parcels involved upon this appeal. (*Pappenheim* v. *M. E. R. Co.*, 128 N. Y. 436; *Stillman* v. *City of Olean*, 210 N. Y. 168; *Matter of Avenue D*, 200 N. Y. 536; *Matter of One Hundred & Sixteenth Street*, 1 App. Div. 436; *Matter of Brook Avenue*, 40 App. Div. 519; *Matter of Mayor*, etc. [*Leggett Avenue*], 80 App. Div. 618; *Schonleben* v. *Swain*, 130 App. Div. 521.) There is no basis for the contention that the parcels involved on this appeal were dedicated to the public as a highway and that they were accepted as such by the proper authorities. (*Newton* v. *City of Dunkirk*, 121 App. Div. 296; *Lent* v. *Tilyou*, 106 App. Div. 189; *Stillman* v. *City of Olean*, 210 N. Y. 168; *Waiss* v. *City of Mount Vernon*, 157 App. Div. 383.) Even if the parcels taken in this proceeding were burdened with easements, nevertheless the Kingsbridge Real Estate Company is entitled to substantial awards, inasmuch as it also owned the abutting property. (*Matter of One Hundred & Sixteenth St.*, 1 App. Div. 436; *City of Buffalo* v. *Pratt*, 131 N. Y. 293; *Appleton* v. *City of New York*, 82 Misc. Rep. 258; *Matter of City of New York*, 196 N. Y. 286; *Rasch* v. *Nassau El. R. R. Co.*, 198 N. Y. 385; *Mayne* v. *Nassau El. R. R. Co.*, 151 App. Div. 75.)

*Frank L. Polk, Corporation Counsel, Joel J. Squier, John J. Kearney* and *Charles A. Molloy* for respondent. At the time of vesting of title in this proceeding all the land, the awards for which are involved in this appeal, were incumbered with easements for street purposes in favor of the purchasers of lots at the auction sale. (*Lord* v. *Atkins*, 138 N. Y. 184; *Taylor* v. *Hopper*, 62 N. Y. 649; *Hennessy* v. *Murdock*, 137 N. Y. 317; *Welsh* v. *Taylor*, 134 N. Y. 450; *White's Bank of Buffalo* v. *Nicholls*, 64 N. Y. 65; *Village of Olean* v. *Steyner*, 135 N. Y. 345; *Matter of Johnson Avenue*, 135 App. Div. 630; 198 N. Y. 505; *Johnson* v. *Cox*, 196 N. Y. 110;

*Matter of Edgewater Road,* 138 App. Div. 203; 199
N. Y. 560; *Bissell* v. *N. Y. C. & H. R. R. R. Co.*; 23
N. Y. 61; *Matter of Hunter,* 163 N. Y. 542; *Matter of
West One Hundred & Seventy-seventh Street,* 135 App.
Div. 520; 145 App. Div. 918; 203 N. Y. 570.) The
awards for the land owned by the appellant were prop-
erly made by the commissioners in a nominal sum.
(*City of Buffalo* v. *Pratt,* 131 N. Y. 293; *Matter of One
Hundred & Sixteenth Street,* 1 App. Div. 436; *Rasch*
v. *Nassau Electric R. R. Co.*, 198 N. Y. 385; *Matter of
Westchester Ave.*, 126 App. Div. 839; *Matter of Adams,*
141 N. Y. 297; *Matter of Decatur Street,* 196 N. Y. 286;
*Matter of Schneider,* 199 N. Y. 581; *Matter of Titus
Street,* 152 App. Div. 752.)

WILLARD BARTLETT, Ch. J.   This is a proceeding insti-
tuted by the city of New York through the board of
estimate and apportionment to acquire, for the use of
the public, title to certain lands in the twenty-fourth
ward, borough of The Bronx, required for the opening
and extension of certain streets specified in the petition,
and particularly the widening of Bailey avenue.  The
commissioners of estimate awarded only nominal dam-
ages for the taking of the property to which this appeal
relates, on the ground that such property was already so
burdened with private easements, requiring the mainte-
nance of a highway where the public street was to be
widened as to render the injury inflicted by the imposi-
tion of the public easement merely nominal.  This action
of the commissioners of estimate was approved at the
Special Term, and has been upheld by the Appellate
Division.

When this proceeding was commenced on November
8th, 1907, the lands in question belonged to the Kings-
bridge Real Estate Company.  Subsequently, on May 28,
1907, that company offered a large quantity of property,
including these lands, for sale at public auction through

the agency of a map distributed among the bidders, which showed Bailey avenue as wide as the city proposed to make it, to wit, as 100 feet wide, instead of 60 feet, the then existing width.  Before the delivery of any deeds pursuant to the sale, and on June 28, 1907, the Kingsbridge Real Estate Company conveyed all the property which the city proposed to take in the present proceeding to the Title Insurance Company of New York, the appellant; and on July 10, 1907, deeds were executed to the purchasers at the auction sale, each of which described the property conveyed by reference to the map already mentioned.  Title to the property taken for the widening of Bailey avenue vested in the city of New York on the 15th day of July, 1910.

The first question that calls for consideration is what was the effect of the sale by the Kingsbridge Realty Company, with reference to the auction map and the streets delineated thereon.

If there were nothing else in the case, the effect of such a sale as this would be to convey to each purchaser an easement for street purposes over the strip of land in front of his lot which the map showed was thereafter to constitute a part of Bailey avenue, which easement would cover, not only the strip in front of the lot conveyed, but the entire strip of land to be taken by Bailey avenue for the whole length of the block in which the lots were situated.  (*Matter of City of New York* [*Edgewater Road*], 138 App. Div. 203; affd., 199 N.Y. 560; *Reis* v. *City of New York,* 188 N.Y. 58.)  By thus selling, the Kingsbridge Realty Company in effect said to the purchasers at the sale: "Bailey avenue shall be maintained as thus widened, if not by the city, at all events by ourselves and our grantees buying with reference to the map."  The appellant, however, denies that the usual effect of a sale by an auction map showing streets laid down thereon can properly be given to the sale in the present case.  It bases this contention upon the fact

that the terms of sale which were annexed to the catalogue and signed by each purchaser contain a provision reserving to the sellers "all awards or claims for awards for damages in change of grade or condemnation proceedings, had or pending;" and upon the further fact that the land to be taken for the improvement was subsequently conveyed to the appellant. The correctness of this view depends upon the question whether the mere reservation to the seller of any award which might be made imported notice to a buyer who purchased on the assumption that Bailey avenue was to be of the width indicated upon the auction map was not to enjoy the perpetual right of travel over the strip thus indicated irrespective of what the city might do, but that such right might be taken away from him if, in the future, the city concluded to close the street by proper proceedings to that end. Of course that result would follow if there was a necessary inconsistency between the reservation of the right to receive the award and the implied grant of private easements by reason of having made the sale by reference to the auction map; but it does not seem to us that there is any such inconsistency. It was merely a declaration that the seller was to have such award as might be made for the lands taken, whether nominal or otherwise. The case in this respect is radically different from *Matter of City of New York (Avenue "D")* (200 N. Y. 536). There the appellant's deeds not only contained an express reservation of the right to receive any awards that might be made for Avenue "D," but an additional limitation as follows: "Nothing contained in this deed shall be construed as dedicating to the public use Avenue 'D' or any portion thereof, nor to subject the same to any easement in favor of the party of the second part, it being the intention of the party of the first part to retain the bed of said Avenue 'D' in fee simple absolute. The above covenant shall run with the land." By the use of

this language the seller expressly and absolutely rebut-
ted any presumption that he intended by his deed to con-
vey any easements to the purchaser. We find no such
explicit declaration, however, in the present case. The
most that can be said is that if the grantors here had in
mind the negation of any such easement as was imported
by the sales map they failed to express it in a manner
sufficiently distinct to take the case out of the established
doctrine of dedication, by sale with reference to a plat or
map upon which streets are indicated.

The learned counsel for the appellant suggests that the
doctrine of implied easements growing out of the sale of
lots by reference to a map upon which streets subse-
quently to be opened are delineated may not extend to
cases where the map merely indicates the *widening* of an
existing street; and he says he has been unable to find
any adjudicated case in this state passing upon this
question. We cannot perceive, however, why the impli-
cation in favor of the intention to create an easement is
not just as strong in one case as in the other. It is the
purpose manifested by the grantor that an indicated
strip of land shall be devoted to the use of all his
grantees as a highway. There may be a very substantial
difference in a great city like New York between the
value of a lot situated on a street one hundred feet wide
and the value of a lot of the same size abutting upon a
street only sixty feet in width. Where dedication grows
out of the use of a sales map showing a street of a speci-
fied width, as in the present case, the vendee acquires a
right of way to the full extent and dimensions of such
street until it reaches some other highway. (*Reis* v.
*City of New York, supra.*) There is nothing to the con-
trary of this view in the case of *Clap* v. *M'Neil* (4 Mass.
589), cited in the appellant's brief. There it appeared that
the defendant had sold and conveyed to the plaintiffs a par-
cel of land, bounding it by a thirty-foot street, with the
privilege of passing in the said thirty-foot street; but at

the time of the grant the grantor had a building on other land of his which projected ten feet into the street. All that the court held was that an action of trespass could not be maintained to prevent the continuance of this obstruction, inasmuch as the way remained in the same state in which it was when the plaintiffs acquired their title. In other words, the court construed the grant with reference to the condition of things existing at the time when it was made and not as including a covenant defining the quantity or limits of the plaintiffs' right of passage. In the brief of the learned counsel for the appellant it is asserted, and we think correctly, that two vital questions are raised by this appeal:

1. Is it possible for an owner of property through which streets are projected (condemnation proceedings having been instituted) to sell his property and by agreement provide that all parties preserve those rights which they would have if at the time of the sale title to the property sought to be condemned had vested in the city?

2. Did the owner in this case pursue a legitimate and just method in seeking to obtain the result desired and to preserve its aforesaid rights?

The decision in *Matter of City of New York (Avenue "D")* (*supra*) shows that the first question should be answered in the affirmative. As to the second question, it is to be said that while the owner in this case pursued a legitimate and just method in seeking to obtain the result desired, we are not satisfied that the method was effective to that end. The language adopted does not aptly express the purpose intended. The reservation in the terms of sale, it seems to us, cannot be held fairly to convey to intending purchasers the idea that they must rely wholly on the city for the future maintenance of Bailey avenue at the indicated width and not rely at all upon the conveyance of the private easement to have it forever kept open as a highway which was imported by the sales map. Assuming that the Kingsbridge Real

Estate Company did not intend to create any private easements, it would have been just as easy to manifest that intention by clear and unequivocal language as it was in the *Avenue "D"* case; and if that had been done the lands affected by the present appeal would have been free from private easements.   The reservation in the terms of sale was, in our judgment, insufficient to relieve them from this burden.

It does not follow, however, that the private easements to which these lots were thus subjected necessarily deprived all of them of any substantial value.   In those cases where the grantor retains the ownership of the abutting property, the strip taken for widening the street has more than a merely nominal value to such grantor. (*City of Buffalo* v. *Pratt*, 131 N. Y. 293.)   This is true as to a considerable number of the parcels affected by the present appeal.   The appellant, as was proved by the city upon the hearing before the commissioners, took the title only as mortgagee, and, therefore, the damages should be estimated precisely as though the abutting property was still owned by the Kingsbridge Real Estate Company for which the appellant will receive the awards in trust, to account for them when the conditions of the mortgage are satisfied.   We agree with the view expressed by Mr. Justice LAUGHLIN in the Appellate Division as to parcels of this character and think that there should be a reappraisal thereof when the appellant may present evidence as to their value burdened with the private easements which have been discussed.

The portion of the order appealed from should, therefore, be reversed so far as it affirms the order of the Special Term confirming the report of the commissioners of estimate herein as to those parcels of land where the grantor retained the title to the abutting property and their report remitted to them to proceed in accordance with this opinion; and as to the other parcels involved in this appeal the order should be affirmed, without costs to

either party.    As there may be some question as to precisely what lots are embraced within the reversal, the form of the order may be settled before the chief judge, on notice, unless counsel can agree upon the form themselves.

Hiscock, Chase, Collin, Hogan and Miller, JJ., concur; Cardozo, J., not sitting.

Ordered accordingly.