SIMEON M. BARBER, Plaintiff, *v.* JAMES A. WOOLF et al.,
Defendants.

(Supreme Court, New York Special Term, April, 1915.)

Easements — of light, air and access — when tax sale does not bar —
when purchaser under tax sale relieved from bid.

> Where it is conceded that a judgment of foreclosure of a
> tax sale does not bar any easement which one may have if it
> survive a proceeding under the "Street Closing Act" (Laws
> of 1895, chap. 1006), the purchaser at the sale under said
> judgment will be relieved from his bid on the ground that some
> one may have an easement of light, air and access over the
> land sold.

APPLICATION to relieve purchaser from bid.

Benjamin G. Bain (Harold Swain, of counsel), for
plaintiff.

George Burt Heath (George E. Coney, of counsel),
for purchaser.

NEWBURGER, J. Pursuant to a judgment of fore-
closure of a tax lien a sale was held, and the purchaser
now asks to be relieved from his bid on the ground
that one Minzesheimer has or may have private ease-
ment of light, air and access over the land sold. It is
conceded that, under the authority of *Jackson* v.
*Smith,* 153 App. Div. 724; affd., 213 N. Y. 630, the
judgment herein does not bar any easement which
Minzesheimer may have if the easements survived the
proceeding taken under the so-called Street Closing
Act (Laws of 1895, chap. 1006). In the proceedings
for the closing of Rockwood street Minzesheimer was
awarded damages to his property. As was said by

Mr. Justice Scott in *Matter of Uclinger*, 160 App. Div.
103: " There remains, however, in many cases and
very probably in the case of property abutting upon
Madison avenue, a third class of easements, also pri-
vate in their nature, which arise from express or
implied grants between the owners of the property
confined and abutting upon a street or avenue. Such
private easements are created, for instance, by the
conveyance of a lot with reference to a map or plan,
in which one of the boundaries of the lot conveyed is
the abutting street. With this class of private ease-
ments the city has usually no concern either to abolish
or to preserve them, and it certainly cannot be com-
pelled against its will to compensate for them. The
distinction between these two classes of private ease-
ments was very clearly made in *Johnson & Co.* v. *Cox,
supra,* where both were present. That case, reaffirmed
in *Matter of Mayor, etc. (Walton Ave.),* 197 N. Y.
518, contains the latest authoritative pronouncement
by the Court of Appeals as to what easements are and
what are not to be compensated for when a public road
is discontinued and closed. The same subject has
recently been exhaustively considered with a review
of the precedent authorities by Mr. Justice Laughlin,
writing for a unanimous court. *Matter of City of
New York (New Avenue),* 153 App. Div. 164. The ease-
ments, sometimes called private, but really special or
*quasi* public, of light, air and access, arising from the
fact that private property abuts upon a public high-
way, are to be compensated for if the highway is closed
and the easements thus destroyed. Other private
easements arising from express or implied grant are
not destroyed by the closing of the highway and are,
therefore, not to be compensated for, and this is true
although the strictly private easements may affect the
same property, and confer the same rights over the

same strip of land as those arising from mere contiguity to the street. As a general thing no public interest requires the extinguishment of the strictly private easements of the class last defined. If the property respecting which the relator claims damages is subject to easements of this nature it is not due to the existence of a highway in front of the property, but to the fact that his predecessors in title and the owners of other abutting property elected, as between themselves, to create reciprocal easements over the bed of the highway. These are not extinguished by the legal closing of the street in a public highway." So also in *Matter of City of New York* (*Grand Boulevard*), 160 App. Div. 80; affd., 212 N. Y. 538, it was held that private easements created by grant, express or implied, are not destroyed or extinguished by the closing of a street under the act of 1895. In view of these authorities the application of the purchaser to be relieved must be granted.

Application granted.