In the Matter of the Application of THE CITY OF NEW YORK, Respondent, Relative to Acquiring Title, etc., for the Opening and Extending of East One Hundred and Seventy-seventh Street (Tremont Avenue), from Fort Schuyler Road to Long Island Sound, Borough of The Bronx.

THEODORE MINZESHEIMER, Appellant.

First Department, May 2, 1924.

Municipal corporations — city of New York — street opening — filing of map by owner and approval by chief engineer of board of estimate and apportionment constitute offer and acceptance of dedication — intention to dedicate not negatived by filing of map under Real Property Law, § 334, pending condemnation proceedings — Greater New York charter, § 1540, construed and applied — claimant entitled to nominal damages only.

The filing of a map by the owners of land in New York city showing lots fronting on a street and the approval thereof by the chief engineer of the board of estimate and apportionment, who was specially appointed for that work by a resolution of the board, constitutes an offer and acceptance of a dedication of the land in the street to the city for street purposes, and in condemnation proceedings for the taking by the city of the bed of the street the owners are entitled to nominal damages only.

An intention to dedicate the land was not negatived by the fact that the map was filed while the condemnation proceedings were pending, nor by the fact that the owners were required by section 334 of the Real Property Law to file a map before they could sell lots on a proposed street.

The offer and acceptance of the dedication did not amount to a taking of property without just compensation nor was the offer overcome by a statement on the map that the street was not yet opened but was in course of being opened.

The history of section 1540 of the Greater New York charter does not negative any inference of a dedication by the filing and approval of a map, for said section, as it existed prior to the amendment thereof by chapter 513 of the Laws of 1916 or since that amendment, shows a clear intent that the filing of a map and the approval thereof amount to a dedication of the easements in the street, and the negative wording of the last sentence of the section does not detract from the effect of the owner's offer and the acceptance thereof by the city.

Furthermore, in view of the fact that there were also private easements on the street, the owner is entitled to a nominal award only.

CLARKE, P. J., dissents.

APPEAL by the claimant, Theodore Minzesheimer, from certain parts of an order of the Supreme Court, made at the Bronx Special Term and entered in the office of the clerk of the county of Bronx on the 14th day of March, 1923, sustaining objections filed by the city of New York to the report of commissioners of estimate in street-opening proceedings as to awards made for damage Nos. 4, 5, 5-A, 7 and 7-A in favor of the claimant, the grantee of the bed of a street; confirming said report except as to said damage awards; directing as to said awards the return of the report to the commissioners for revision and correction, and awarding nominal damages in place of $87,496 awarded by the commissioners, on the ground that there had been a complete dedication and acceptance of the land for a public street and that, therefore, it was subject to a permanent easement for street purposes.

*Mork & McKiniry* [*I. Maurice Wormser* of counsel; *Seymour Mork* and *Ralph F. Kane* with him on the brief], for the appellant.

*George P. Nicholson, Corporation Counsel* [*Joel J. Squier* of counsel; *William B. R. Faber* and *Charles A. Molloy* with him on the brief], for the respondent.

FINCH, J.:

There are just two questions in the case, *first*, was there a proffer of dedication of the damage parcels to the public by the filing of a map by the owners showing lots fronting on East One Hundred and Seventy-seventh street, and *second*, did the approval of such map by the chief engineer of the board of estimate and apportionment, who was specially appointed for this work by resolution of the said board, constitute an acceptance of the offer of dedication?

While condemnation proceedings for the taking by the city of the bed of East One Hundred and Seventy-seventh street were pending, and while there also was in process of hearing claim of

the East One Hundred and Seventy-seventh Street Company for substantial damages for such taking, the said East One Hundred and Seventy-seventh Street Company in August or September, 1920, submitted to the president of the borough of The Bronx a map of its property showing the same divided into lots and with East One Hundred and Seventy-seventh street and other streets laid out thereon, and with two exceptions, not material here, all the streets, including East One Hundred and Seventy-seventh street, conformed to the city map.  The submission of this map was accompanied by a letter from the owner's surveyor, saying that at the request of the owners of the property, he was submitting the same for approval and transmission to the board of estimate and apportionment under the provisions of chapter 513 of the Laws of 1916, and that " as it is contemplated by the owners of this property to hold an auction sale of these lots in the very near future, I respectfully ask that you accord to the maps your early official consideration and favorable action."  The president of the borough of The Bronx approved the map and stated that East One Hundred and Seventy-seventh street conformed to the city map and said map thereafter was approved by the chief engineer of the board of estimate and apportionment pursuant to a resolution adopted July 9, 1920, delegating to him the right to approve or disapprove such maps.

· The appellant raises certain contentions as to why the filing of the map by the owner and its acceptance by the city did not constitute a dedication of the street, so as to subject the same to a public easement.  The first contention is that as the map was filed while the condemnation proceedings were pending and the landowners were engaged in giving proof of their claim for a substantial award, this negatived an intention on the part of the claimant to make a dedication.  The answer to this is that a person intends the natural consequences of his acts and a secret intention cannot negative the intention, naturally to be inferred from the acts.  In other words, the desire of the property owners to hold an auction sale of the lots in question and to sell the lots on the streets laid out negatives any intention at the same time to obtain substantial damages for the street.  (*Matter of City of New York* [*Edgewater Road*], 138 App. Div. 203; affd., 199 N. Y. 560; *Matter of City of New York* [*Johnson Ave.*], 135 App. Div. 630; affd., 198 N. Y. 505; *Matter of City of New York* [*Sedgwick Ave.*], 213 id. 438.)

The appellant next claims that because the Real Property Law (§ 334, added by Laws of 1910, chap. 415, as amd. by Laws of 1916, chap. 143, and Laws of 1917, chap. 592; since amd. by Laws of 1923, chap. 513) prevents lots from being sold on a proposed street

without first filing the map, under penalty of a fine, this was not a voluntary filing. The answer to this is that the landowner need not sell his lots on a proposed street if he does not so desire, but if he does, he must then conform to the provisions enacted pursuant to the public power, which prevents an owner from purporting to sell lots on a street and then attempting to withdraw the public easement so held out.

The appellant's third contention is that to construe the filing of a map and its acceptance by the city as a dedication of the street would be the taking of property without just compensation and thus would be unconstitutional. The answer to this is that it is an exercise of the police power to accompany the opening of a highway with reasonable provisions for the protection of the public, the owner receiving an enhanced price on the abutting lots, which gives him compensation for the land used for the street. (*Matter of City of New York* [*Johnson Ave.*], *supra.*)

The appellant next contends that as the map filed expressly stated that East One Hundred and Seventy-seventh street was not yet opened but was in the course of being opened, this should detract from the dedication. The answer to this is that such a statement bears only upon the physical opening of the street but has no reference to the dedication of the street as a street. (*Matter of City of New York* [*Sedgwick Ave.*], 213 N. Y. 438.)

The appellant next contends that the history of section 1540 of the Greater New York charter negatives any inference of a dedication. His argument is that as originally drawn, the section had in it the sentence, "Upon such approval the title of the owner or owners of the land to all streets, avenues and public places designated on the map or plat, shall immediately vest in fee * * * in The City of New York in trust for the designated public uses." (Laws of 1897, chap. 378, § 1540; Laws of 1901, chap. 466, § 1540.) When section 1540 was amended by chapter 513 of the Laws of 1916, the above-quoted provision was omitted. The reason for this omission apparently was that there was some doubt as to the validity of this provision because the Court of Appeals in *City of Buffalo* v. *Pratt* (131 N. Y. 293) had held that where the city acquired the fee of a street in which the public already had a public easement and the landowner owned the land abutting on the street, such owner was entitled to substantial compensation for the loss of control of the bed of the street. Section 1540, however, whether under the old section or under the new section, shows a clear intent to dedicate the easements in the street when the same shall have been approved in accordance with said section. In the first place the section before the amendment not only did provide for a dedication but also for

a vesting of the land in fee in the city. The section after the amendment assumed the dedication of the public easements. The last sentence reads: " No street, avenue, highway or public place, the layout of which has not been approved as provided in this section, shall be deemed to have been accepted by the city of New York as a street, avenue, highway or public place, unless such street, avenue, highway or public place shall lie within the lines of a street, avenue, highway or public place shown upon the duly adopted and filed final maps of the city of New York." This would seem to show clearly an intention that where such approval has been had, there is a dedication.

The last point of the appellant is that the negative wording of the last sentence of section 1540 cannot justify a finding of a dedication; but as has been shown, the history of the section indicates that it was intended to have the acceptance of such a map constitute a dedication, because the section originally not only expressly provided for the dedication of the public easements but also for the dedication of the entire fee and only that portion was subsequently omitted by the amendment of 1916 which related to the dedication of the entire fee. Furthermore, the only effect of the negative prohibition in the last sentence was to prevent the city from being compelled to accept a street which was not in accordance with the city layout from acts such as putting in sewers and water in a street when there might be no intention on the part of the city to accept a dedication. This, by inference, however, does not put any prohibition in the section but instead leaves it just where it was before, a dedication to be established by the much stronger evidence of filing a map and having the same accepted.

If it were necessary, it could be shown that there were also private easements on this street, but in view of the fact that there are public easements, this becomes unnecessary. Where lands are already burdened with private or public easements, the owner is only entitled to a nominal award. (*Matter of City of New York* [*Edgewater Road*], 138 App. Div. 203.) The appellant seeks to rely upon *Matter of City of New York (Roosevelt Avenue)* (186 App. Div. 457) which was a case of the filing of a map by a real estate development company but there does not appear to have been any acceptance thereof by the city, and the Second Department held that this would not constitute a dedication of streets to the public. The court said: " Here the acts relied on to import such dedication are the filing of a map corresponding to the borough surveys; and in case of the Queensboro Co. to issue a later development map following the official borough map. In both cases, such maps, and the descriptive material given out, were

merely to acquaint purchasers with the public improvements then being projected, or actually determined upon. On such facts, neither appellant can be regarded as a dedicator of its lands to the public. It cannot be said that there had been any acceptance of Roosevelt avenue by the city. Yet to make complete such a change of interest there must be both a dedication and an acceptance. (*Matter of Hunter*, 163 N. Y. 548.) "

It follows that the order appealed from should be affirmed, with ten dollars costs and disbursements.

MERRELL and MARTIN, JJ., concur; CLARKE, P. J., dissents.

Order, so far as appealed from, affirmed, with ten dollars costs and disbursements.